975 So.2d 657 (2007)
STATE of Louisiana DEPARTMENT OF SOCIAL SERVICES In the Interest of K.L. and K.L.
v.
Joseph LESKY, III.
No. 07-CA-599.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*658 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, John D. Fitzmorris, Jr., Assistant District Attorney, Harvey, Louisiana, for Plaintiff/Appellee.
Lila M. Samuel, Toni Hurley, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Appellant, Joseph Lesky, III, has appealed the trial court judgment increasing the child support he is required to pay. For the reasons that follow, we affirm.
FACTS:
The parties are the parents of two minor children ages six and four. In December 2003, the parties consented that the father, Mr. Lesky, pay $400.00 per month in child support. In 2006 a Motion to Modify Child Support was filed. The hearing officer met with the parties, prepared an obligation worksheet, and recommended the support obligation be increased to $716.60 per month, plus court costs for a total of $752.43. The tuition and expenses for the children to attend private school is $553.00 per month. This was the basis for the increase in child support.
Mr. Lesky disagreed with the recommendation and requested a hearing before a juvenile court judge.
At the hearing, Denise Nolan, the mother of the minor children, testified that she works until 6:00 p.m. or later two or three days per week. She explained that for the past two years the children have attended Memorial Baptist School, where her sister works. On the days that Ms. Nolan works late, her sister cares for the children until she is able to pick them up. Ms. Nolan testified that the child care at the public schools ends at 6:00 p.m. and a significant fee is charged for every five minutes thereafter, thus the after care offered at the public schools would not be compatible with her work hours.
Mr. Lesky testified that he is unable to pay private school tuition based on his gross monthly income. He testified that there are adequate public schools in the area. He further testified that he would be willing to pick the children up on the days that Ms. Nolan works late.
Ms. Nolan responded that based on his past behavior, she cannot depend on Mr. Lesky to pick up the children. He is a delivery truck driver and his schedule is not predictable. Additionally, Mr. Lesky lives on the north shore of Lake Pontchartrain. Ms. Nolan reiterated that her sister is dependable and cares for the children until she is able to pick them up.
In adopting the hearing officer's recommendation, the trial judge noted that Mr. Lesky is paid by both a salary and commission and "it is difficult to accurately calculate the defendant's true income." The trial judge questioned Mr. Lesky regarding his expenses and noted that he lives with a female roommate in addition to his sister and therefore, the expenses listed on Mr. Lesky's child support information sheet could be inaccurate.
*659 Mr. Lesky filed a Motion for New Trial that was denied after a hearing. This timely appeal followed.
LAW AND DISCUSSION:
A trial court's order of child support is entitled to great weight. Carmouche v. Carmouche, 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. State, Department of Social Services ex rel. D.F. v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687.
Louisiana Revised Statutes 9:315.6 provides for the inclusion of expenses for private school attendance as an addition to the basic child support obligation as follows, in pertinent part:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.
This statute was amended in 2001, removing the language requiring that a "particular educational need" to attend the special or private school be shown. The statute, as amended, is less restrictive to encompass generally "the needs of the child." This broader intent is illustrated by the comments to LSA-R.S. 9:315.6, which provide in pertinent part: "The needs of the child met by the special or private school need not be particular educational needs, but may include such needs of the child as the need for stability or continuity in the child's educational program." Comments to LSA-R.S. 9:315.6. A trial court's determination of whether to include private school tuition in a basic child support obligation will not be disturbed absent an abuse of discretion. D'Aquilla v. D'Aquilla, 2003-2212, (La. App. 1 Cir.4/2/04), 879 So.2d 145, writ denied, XXXX-XXXX (La.6/25/04), 876 So.2d 838.
The testimony taken at the hearing indicated it is in the best interests of the children to attend Memorial Baptist School where their aunt works so she can care for the children after school until Ms. Nolan is able to pick them up. Mr. Lesky's offer to pick the children up when Ms. Nolan has to work late does not appear to be a workable solution, given the fact that Mr. Lesky lives on the north shore and Ms. Nolan testified that he had not been dependable in the past. Further, the trial judge indicated that he was not convinced that the amount shown on the worksheet presented an accurate picture of Mr. Lesky's income and expenses. Having reviewed the record in its entirety, we see no abuse of discretion by the trial court in adopting the hearing officer's recommendation to increase the child support amount to be paid by Mr. Lesky to include the costs of attending private school.
In finding there was no abuse of discretion in the trial court's ruling, we are not declaring that private school tuition should be added to child support obligations in all, or even in most, cases. Due to the nature of the after school care for the children, this case presents a distinctive situation. Additionally, we note that the income levels of both parents are nearly the same and the financial obligation for private school tuition is equally shared.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.