JUDE G. GRAVOIS, Judge.
 

 | ^Appellant, Raymond Duffel, has appealed the trial court order that modified his monthly child support obligation. For the reasons that follow, we affirm.
 

 FACTS
 

 Raymond and Rhonda Lee Duffel were married in 1986. At the time they divorced in 2008, they had two minor children, twin boys, namely Kyle and Collin. Initially, by judgment rendered on October 27, 2007 and signed on April 16, 2008, the couple were awarded joint custody of the boys, with Rhonda having been named as the domiciliary parent of both boys and with Raymond having been ordered to pay child support to Rhonda in the amount of $1,900 per month. On May 13, 2008, Raymond filed a rule to decrease child support due to the fact that the boys were spending more time with him. On September 29, 2008, the trial court signed a consent judgment reducing Raymond’s child support payments to Rhonda to $1,150 per month.
 

 13In early 2009, Rhonda petitioned the court for intervention due to alleged inappropriate behavior involving the boys that was taking place at Raymond’s residence. The trial judge ordered counseling for Raymond and Rhonda as well as for the boys. On October 26, 2009, Raymond filed a “Rule to Modify Custody and Child Support.” This petition alleged that since August 27,2009, Collin had been residing full-time with Rhonda and that Kyle had been residing full-time with Raymond. On December 8, 2009, the trial court rendered judgment granting joint custody of the boys to the parents with Rhonda being named as the primary domiciliary parent
 
 *677
 
 of Collin and with Raymond being named as the primary domiciliary parent of Kyle. The trial court ordered that Raymond pay child support to Rhonda in the amount of $850 per month effective January 2010. Raymond has appealed this judgment.
 

 LAW AND DISCUSSION
 

 There is no dispute that according to the child support guidelines, LSA-R.S. 9:315.19, Raymond’s child support obligation to Rhonda for the benefit of Collin should be $685 per month. Likewise, there appears to be no dispute between the parties that the boys had been residing as stated in the petition to modify support. On appeal, Raymond argues that the trial court erred in deviating from the child support guidelines without stating the particular facts and circumstances involving the income and expenses of the parties so as to warrant a deviation from the guidelines.
 

 An award of child support is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion.
 
 Lambert v. Lambert,
 
 2006-2399, (La.App. 1 Cir.3/23/07), 960 So.2d 921, 924. There is a rebuttable presumption that the amounts set forth in the child support guidelines are proper. |4 LSA-R.S. 9:315.1(A). However, the trial court may deviate from the guidelines “if their application would not be in the best interest of the child or would be inequitable to the parties.” LSA-R.S. 9:315.1(B)(1). If the trial court deviates, it must give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines.
 
 Barton v. Barton,
 
 05-1190, (La.App. 1 Cir. 6/9/06), 938 So.2d 779, 781. LSA-R.S. 9:315.17 provides that deviations from the guidelines are not to be disturbed on appellate review in the absence of manifest error.
 

 In his reasons for judgment, the trial court stated:
 

 Mr. Duffel produced to this Court a work sheet which argues that the child support which should be owed to Ms. Duffel would be in the $685.00 a month range, given the revised living arrangements of the children.
 

 However, implicit in this argument is the notion that each of the children would be having the same standard of living in the respective parent’s house. The Court cannot agree with this. Given the relative income of the parties, the Court does not feel there is any way that the mother can satisfactorily raise the twin who is residing with her in the same fashion that the father is raising the twin who is residing with him on the amounts recommended by the submitted worksheets. In essence, the mother (and the child residing with her) would be penalized for circumstances that neither of them created and that benefit neither of them. This is an untenable result.
 

 At a bench conference held on November 30, the Court felt that an adequate amount of child support was recommended — $850.00 a month. The Court feels that, given the extraordinary (and unfortunate) series of events in this ease, a deviation from the guidelines to this amount would be the fair thing to do.
 

 The overriding factor in determining the amount of support is the best interest of the children.
 
 Sampognaro v. Sampognaro,
 
 41,664 (La.App. 2 Cir. 2/14/07), 952 So.2d 775, 778. The children who reside with their mother are entitled to the same standard of living as if they reside with their father. Piccione
 
 v. Piccione,
 
 2001-1086 (La.App. 3 Cir. 5/22/02),
 
 *678
 
 824 So.2d 427; 431;
 
 Hargett v. Hargett,
 
 544 So.2d 705 (La.App. 3 Cir.)
 
 writ denied,
 
 548 So.2d 1235 (La.1989). The trial court is required to consider the “totality of the circumstances” when determining the amount of child support.
 
 Falcon v. Falcon,
 
 2005-0804, (La.App. 4 Cir. 3/29/06), 929 So.2d 219, 224;
 
 Barkemeyer v. Barkemeyer,
 
 598 So.2d 550, 552, (La.App. 4 Cir.1992).
 

 In deviating from the guidelines, the trial court obviously took into account the detrimental effect that the reduction in support resulting from the application of the guidelines would have on the standard of living of Collin. The trial court did not elaborate on the “extraordinary (and unfortunate) series of events” that took place resulting in the boys having separate domiciliary parents, but in deviating from the support guidelines, the trial court clearly took into account the totality of the circumstances. Applying the above-cited jurisprudence and the reasons given by the trial court for its deviation from the child support guidelines, we find no manifest error in the amount of support awarded by the trial court.
 

 The trial court made the reduced child support payment effective in January 2010. In his second assignment of error, Raymond argues that the trial court erred in not making the reduction in child support retroactive to the date of filing of the request (October 26, 2009).
 

 La. R.S. 9:315.21(0 directs that absent good cause, a judgment modifying a final child support judgment shall be retroactive to the date of judicial demand. When the trial court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence. LSA-R.S. 9:315.21(E). A trial judge is not required to assign reasons justifying a finding of good cause to make an award not retroactive to the date of the filing of the petition.
 
 Watts v. Watts,
 
 08-0834 (La.App. 4 Cir. 4/8/09) 10 So.3d 855, 861;
 
 Davis v. Davis,
 
 43,490 (La.App. 2 Cir. 10/22/08), 997 So.2d 149, 156.
 

 In its reasons for judgment, the trial court stated that the reduced child support payment was effective January 2010 “in light of the holiday season, and in light of the fact that changes in one’s budget take a while to be absorbed.” The trial court is vested with much discretion in fixing awards of child support and its reasonable determinations will not be disturbed unless there is a clear abuse of discretion.
 
 Harrington v. Harrington,
 
 43,373 (La.App. 2 Cir.8/13/08, 989 So.2d 838). Given that there is no requirement that the trial court assign reasons to justify his finding of good cause for not making the payments retroactive to the date of judicial demand, and the fact that the child support in this matter was decreased from $1,900 per month to $850 per month over a twenty-six month period, we find no abuse of the trial court’s vast discretion in not making the reduction in child support retroactive to the date of judicial demand.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.