SUSAN M. CHEHARDY, Chief Judge.
|2In this case, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorney appeals a child support award. For the following reasons, we amend and affirm, as amended.
Facts and Procedural History[1]
This is the third time these parties have sought review in this Court. The facts are not in dispute. A boy, P.B.,[2] was born on January 22, 2001. When he was conceived in May of 2000, his mother, B.B., was involved in an extramarital relationship with her husband’s brother-in-law, M.R. Because B.B.’s husband had undergone a vasectomy, B.B. accurately believed that M.R. was the child’s biological father. Shortly thereafter, B.B. and M.R.’s relationship ended.
On September 10, 2007, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorney’s Office (hereinafter “the |sState”) filed a Petition to Prove Paternity and Obtain Child Support in the Juvenile Court for Jefferson Parish, pursuant to La. R.S. 46:236.1.2. In this action, the State asserted that genetic test results, which were attached, reflected that M.R. was P.B.’s biological father. Further, the petitioners alleged that the child’s mother was entitled to child support based upon La. R.S. 46:236.1.1 et seq. and La. C.C. art. 241.
On November 10, 2008, the juvenile court judge heard testimony from the child’s mother, legal father, biological father, and aunt on whether establishing the child’s paternity was in the best interest of the child. At the conclusion of the hearing, the judge determined that it was in the child’s best interest for M.R. to be established as P.B.’s biological father.
M.R. appealed that judgment. The State moved to dismiss that appeal on the grounds that the judgment at issue was a partial, non-appealable judgment, citing La. C.C.P. art. 1915(B)(2) and La. C.C.P. *1164 art.2083. We agreed and dismissed the appeal. State, D.S.S. ex rel. P.B. v. Reed, 08-1309 (La.App. 5 Cir. 5/12/09), 15 So.3d 205, 207.
On February 19, 2009, the hearing officer set a temporary order of support. Thereafter, on January 11, 2010, the trial court held a hearing to review the temporary support order and set child support. After hearing argument, the judge ordered M.R. to pay B.B. $365.00 per month for P.B.’s support.
The State appealed that award and challenged the trial court’s methodology in calculating the child support obligation of a biological father in a “dual paternity” situation. Rather than address the calculation, we found that the juvenile court judge abused her limited discretion in calculating an award in this case because the record was devoid of support for the calculation. Ultimately, we vacated that award, reinstated the temporary support award, and remanded to the | Juvenile court for a hearing to set child support in compliance with the guidelines, including, but not limited to, La. R.S. 9:315.2(A). State, D.S.S. ex rel. P.B. v. Reed, 10-410 (La.App. 5 Cir. 10/26/10), 52 So.3d 145, 147-49, writ denied, 10-2611 (La.2/18/11), 57 So.3d 333.
In response, the juvenile court judge, on February 23, 2011, ordered the parties to provide proper documentation of their income to support the previous calculation. On June 25, 2012, the trial court ruled, however, that the parties had stipulated to their incomes at the January 2010 hearing, which was sufficient to bind each party and support the calculation. The trial court, upon noting that our prior decision was “silent as to the stipulation,” found that this Court “inadvertently overlooked” the stipulation and instructed the State to calculate the obligation based on the stipulation entered in January 2010.
At the June 2012 hearing, the State then introduced an obligation worksheet, which was based on methodology discussed in State ex rel. C.W. v. Wilson, 37,674 (La.App. 2 Cir. 9/24/03), 855 So.2d 913, writ denied, 03-2970 (La.1/16/04), 864 So.2d 633, that calculated the non-custodial parent’s child support obligation as $991.00.[3] The judge did not, however, enter an Order awarding that amount to the custodial parent. Instead, the judge ordered the parties to appear for further proceedings to proffer evidence to verify the income used to calculate the award and address the retroactivity of the award.
On July 19, 2012, the trial court, after receiving proffers from the State and M.R., relied upon the prior stipulation and set the permanent monthly support | r,award owed by M.R. at $991.00, retroactive to the date that the temporary order of support was set, which was February 19, 2009. The State objected to the calculation on the basis that this Court rejected the stipulation in its previous opinion and objected to the trial court’s failure to order the award retroactive to the date of judicial demand.
*1165 In its Reasons for Judgment,[4] the juvenile court judge acknowledged that the documentation required by La. R.S. 9:315.2 was not submitted to the court nor considered in calculating the support obligation because the parties had stipulated to the income amounts at the January 2010 hearing. Further, the judge stated that, although La. R.S. 9:315.21 generally requires that a support award be made retroactive to the date of judicial demand, in her opinion, the complexity and tortured history of this case was good cause to deviate and allow retroactivity only to February 19, 2009.
On appeal, the State challenges the calculation of the support award because the award is based on a stipulation that was rejected by this Court and is unsupported by the record. The State also challenges the ruling that the award was not retroactive to the date of judicial demand. M.R. argues that the juvenile court judge did not err in relying on the stipulation under La. R.S. 9:315.1(D) or in awarding the final child support retroactive to the date of the temporary child support order, pursuant to La. R.S. 9:315.21.

Law and Argument

An award of child support is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion. Duffel v. Duffel, 10-274 (La.App. 5 Cir. 11/9/10), 54 So.3d 675, 676, citing Lambert v. Lambert, 06-2399 (La.App. 1 Cir. 3/23/07), 960 So.2d 921, 924. The overriding factor in determining the amount of support is the best interest of the children. Id., citing Sampognaro v. Sampognaro, 41,664 (La.App. 2 Cir. 2/14/07), 952 So.2d 775, 778. Whenever financially possible, the children who reside with their mother are entitled to the same standard of living as if they reside with their father. Langley v. Langley, 07-754 (La.App. 4 Cir. 3/26/08), 982 So.2d 881, 885, writ denied, 08-873 (La.6/20/08), 983 So.2d 1274; Duffel, 54 So.3d at 677. The trial court is required to consider the “totality of the circumstances” when determining the amount of child support. Duffel, 54 So.3d at 678 (citations omitted).
With respect to stipulations in child support calculations, La. R.S. 9:315.1(D) provides:
The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount and may require the parties to provide the court -with the income statements and documentation required by R.S. 9:315.2.
In Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, the Louisiana Supreme Court examined the trial court’s role in reviewing consent judgments and the effect of such judgments thereafter. In Stogner, the trial judge approved a prior consent judgment and child support award without referring to the child support guidelines. After reviewing the language of La. R.S. 9:315.1 et seq., the supreme court found that the trial court must review the agreement proposed by the parents and “shall consider the guide *1166 lines to review the adequacy of the stipulated [child support] amount.” Id. at 768.
|7The Stogner court found the lower court’s flawed reading of La. R.S. 9:315.1(D) “in isolation” defeated “the purpose of the legislature’s intent to ensure adequate and consistent child support awards.” The Stogner court held:
In this context, we find that the opening phrase of the second sentence of Paragraph (D), ‘If the court does review the stipulation,’ simply means that if the trial court does not categorically reject the proposed stipulation, i.e., it chooses to entertain the stipulation, the trial court ‘shall consider the guidelines ... to review the adequacy of the stipulated amount.’ To assume, as the lower courts did herein, that the reviewing role of the trial court was discretionary creates an anomaly that cannot be reconciled with the mandated application of the guidelines to the establishment or modification of child support provided in Paragraph (A) of La. R.S. 9:315.1.
Id. at 767. (Emphasis added).
In essence, the guidelines established in La. R.S. 9:315.1(A) must be used “in any proceeding to establish or modify child support.” Id. (Emphasis in original, citations omitted). The supreme court also held that “the language of [La. R.S. 9:315.1](D) must yield to the mandated review requirements established in [La. R.S. 9:315.1](A).” Id.
The Stogner court further noted that, “the trial court, after reviewing the proposed stipulation in light of the considerations enunciated in La. R.S. 9:315.1(C), may nevertheless approve a deviation from the guidelines provided it specifies for the record, either orally or in writing, the reasons for the deviation.” Id. When the trial court reviews the parties’ stipulation in accordance with the guidelines, it assures “the adequacy and consistency of child support awards, foster[s] evenhanded settlements, and preserved] a record for the evaluation of later proceedings to modify initially stipulated child support awards.” Id. The Stogner court further noted that, while parties are still free to stipulate, they “must remember that their agreements may not ‘derogate from laws enacted for the protection of the public interest.’ La. C.C. art. 7.” Id.
| ¡¿Likewise, our brethren on the First, Second, and Third Circuits have applied the supreme court’s reasoning on child support consent judgments to income stipulations in child support calculations. See, Richardson v. Richardson, 02-2415 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, 859 (if the trial court does not reject the stipulation in favor of the child support guidelines, the trial court must “ ‘consider the guidelines ... to review the adequacy of the stipulated amount.’”); Sharp v. Moore, 47,888, p. 6 (La.App. 2 Cir. 2/27/13), 110 So.3d 1232 (when the trial court reviews the agreement proposed by the parents, it shall consider the guidelines to review the adequacy of the stipulated amount); Thevenot v. Thevenot, 03-684 (La.App. 3 Cir. 12/23/03), 864 So.2d 229, 233 (when parties stipulate in open court regarding their child support obligation, the adequacy of the amount of child support established by the stipulation must be reviewed and approved by the trial court in light of the child support guidelines).
In the present case, the record reflects that the trial court did not review the adequacy of the amount established in the stipulation in light of the child support guidelines, as required by Stogner, supra. Because the trial judge failed to assure that the child support award followed the guidelines set forth in La. R.S. 9:315.1 and also failed to follow the mandatory procedure for deviation set forth in La. R.S. 9:315.1(B), the judgment at issue is legally erroneous.
*1167 In the interest of justice, while we could remand this matter for a second time, we find that the record contains adequate information for this Court to apply the child support guidelines to the facts of the case. State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992). Even if some of the required documentation is lacking, remand is unnecessary if there is sufficient evidence in the record to render a decision. Aydelott v. Aydelott, 42,161 (La.App. 2 Cir. 5/09/07), 957 So.2d 350; State, D.S.S. ex rel. Clark v. Ruiz, 04-1064 (La.App. 5 Cir. 2/15/05), 898 So.2d 514.
To calculate the non-custodial parent’s child support obligation, we will use the worksheet presented in La. R.S. 9:315.20. Here, the legal father’s W2 for 2009[5] revealed wages of $24,858.00, which is a monthly income of $2,072.00. The mother’s W2 for 2009 revealed wages of $36,680.00, which is a monthly income of $3,057.00. The biological father, M.R., did not submit income documentation, i.e., W2, 1099, etc. for 2009. His joint income tax return, however, revealed an adjusted gross income for 2009 of $149,761, which amounts to a monthly income of $12,480.00.[6] Accordingly, the parties’ combined monthly adjusted gross income is $17,609.00.
Based on the child support schedule listed in La. R.S. 9:315.19, the child support obligation for one child is $1,708.00. The record did not include documentation of net child care costs, health insurance premiums for the child, or other extraordinary expenses; those expenses, therefore, are not considered in our calculation.
Next, applying the methodology set forth in State ex rel. C.W. v. Wilson, 37,674 (La.App. 2 Cir. 9/24/03), 855 So.2d 913, writ denied, 03-2970 (La.1/16/04), 864 So.2d 633, we create a “fictional father,” who is responsible for 82.63% of the child’s support or $1,411.00. Here, the biological father, M.R., is responsible for 86% of that amount, which is $1,213.00. Therefore, based upon the record before us, we amend the trial court judgment and render judgment 110granting the custodial parent, B.B., child support in the amount of $1,213.00 with 5% court costs per month.
Next, we address the date that this award is effective. An award of child support shall be retroactive to the date of judicial demand, except for good cause shown. La. R.S. 9:315.21. “[RJetroactivity is intrinsic to the concept of child support under Louisiana’s civilian tradition[.] Louisiana law ‘abhors a gap in the support of one in need.’” Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346, 350. Retro-activity in this context “is not in the nature of a penalty, but merely a judicial recognition of a pre-existing entitlement. Only practicality postpones the effective date of the obligation to pay child support to the date a court orders that payment.” Vaccari v. Vaccari, 10-2016 (La.12/10/10), 50 So.3d 139, 142, quoting Fink, supra, at 350.
Furthermore, upon a showing of good cause, the court may order a final child support award retroactive to the date of judicial demand, even though there has been an interim award in effect. Vaccari, supra. The burden is on the obligor par *1168 ent to prove that good cause exists for not making the award retroactive to the date of judicial demand. Rutledge v. Rutledge, 41,792 (La.App. 2 Cir. 12/13/06), 945 So.2d 307; Welborne v. Welborne, 29,479 (La.App. 2 Cir. 5/7/97), 694 So.2d 578, writs denied, 97-1800 (La.10/13/97), 703 So.2d 621 and 97-1850 (La.10/13/97), 703 So.2d 623.
Here, the State filed a petition to establish paternity and child support on behalf of the minor child on September 10, 2007. We find that the trial judge erred in finding that good cause exists for not making the award retroactive to September 10, 2007, which is the date of judicial demand. Accordingly, the permanent award |nof $1,213.00 with 5% court costs per month is retroactive to September 10, 2007.[7] Finally, all costs of this appeal are assessed against M.R.

AMENDED AND AFFIRMED AS AMENDED

. On January 4, 2013, M.R. filed a motion to supplement the appellate record with the exhibits that he proffered in the district court. Our review of the record filed with this Court reveals that the exhibits proffered by both parties were, in fact, included as exhibits in the appellate record. By this opinion, defendant’s motion to supplement is denied as moot.

. To protect the minor child’s privacy, we will use initials to refer to the minor child as well as the related adults. See, U.R.C.A. 5-2.

. This number was derived by considering the biological mother's monthly income of $3,049.00 and the monthly income of a "fictional father,” i.e., a combination of the presumptive and biological fathers’ incomes. Here, the "fictional father's” monthly income was stated to be $11,576.00. Using the combined monthly adjusted gross income of all of the parents, which was $14,625.00, and considering the guidelines, the State determined that the basic monthly child support obligation for P.B. was $1,594.00. After adding in child care costs and health insurance premiums, the combined child support obligation came to $1,815.00, of which the "fictional father” was responsible for 79.15% or $1,436.57. The State then determined that the biological father, M.R., was responsible for 69% of that amount, which is $991.00.

. Of course, reasons for judgment by a trial judge are not controlling and do not constitute the judgment of the court. A judgment and reasons for judgment are two separate and distinct documents. La. C.C.P. art.1918. Appeals are taken from the judgment, not the written reasons for judgment. See: La. C.C.P. arts.2082, 2083; G.N.O.E.C. v. Olivier, 02-2795 (La.11/18/03), 860 So.2d 22, 24. Reasons for judgment set forth the basis for the court’s holding and are not binding. Smith v. Smith, 08-575 (La.App. 5 Cir. 1/12/10), 31 So.3d 453, 462.

. Their joint income tax return revealed an adjusted gross income for 2009 of $62,637.00.

. We note that M.R. included an unverified, self-serving document that states his income was $89,400 for 2009. Further, the State submitted documents obtained under subpoena from Entergy Louisiana that are invoices to Entergy from a closely-held company controlled by the Reed family for consulting work by M.R. billed by contract at $l,200.00/day. In 2009, Entergy was billed $289,200 for M.R.'s “consulting.”

. The State presented documentation that reflects that M.R. has sporadically fulfilled his obligation to support his child. According to an audit of the child support and enforcement records, M.R. did not pay any support in 2007, 2008, or 2010. Further, although M.R. made substantial payments in 2009 and 2011, he maintained an arrearage of $27,585.86 on July 19, 2012, which was the date of the audit.