JUDE G. GRAVOIS, Judge.
|2In this domestic matter, defendant/appellant, Carey Braud Fornaris, appeals the trial court’s February 25, 2015 judgment which did not add the expenses of private school education incurred on behalf of the parties’ minor child to the basic child support obligation. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff/appellee, Jonathan Millet, and defendant/appellant, Carey Braud Fornar-is, are the biological parents of a male *851 child born on February 11, 2001.[1] Mrs. Fornaris and Mr. Millet were never married.
On November 3, 2004, Mr. Millet filed á “Petition to Establish Paternity, Custody, Visitation, and to Change Child’s Name.” On July 5, 2005, by way of a consent judgment, Mr. Millet was judicially declared to be the father of the minor child. The parties further agreed that Mrs. For-naris would be granted custody of the minor child, with Mr. Millet reserving his right to seek joint custody at a later 13date. The. parties also agreed that Mr. Millet would have visitation privileges with the minor child as outlined in detail in the consent judgment.
On April 3, 2006, the parties entered into another consent judgment regarding child support. They agreed that Mr. Millet would pay child support in the amount of $350.00 per month, and that Mr. Millet would maintain the minor child’s health insurance and pay fifty percent of any extraordinary uninsured medical expenses incurred on behalf of the minor child. Finally, the parties agreed, that Mrs. Forriar-is would pay the minor child’s private school tuition and would be allowed to claim him as a dependent on her income tax returns.
On May 30, 2014, Mr. Millet filed a “Motion to Change Custody and to Modify Child Support.” He argued that there had been a material change in circumstances in that, among other things, the minor child was now thirteen years old and would benefit substantially from spending more time with his father.- The motion further noted that the minor child had just completed the 7th grade at St. Christopher School in Metairie, Louisiana, and would soon need to change schools for high school. Mr. Millet believed’ that'the minor child would benefit greatly from attending public school in St Charles Parish where Mr. Millet resided, alleging that “St. Charles Parish Public Schools are among the best in the State of Louisiana.” Mr. Millet prayed that" custody be changed to joint custody with Mr. Millet being designated as the domiciliary parent, subject to reasonable visitation privileges in favor of Mrs. Fornaris. He also prayed that should he become domiciliary parent, his child support obligation should be terminate
The parties appeared before the court on August 4, 2014, confirming that they had reached an agreement regarding'custody. By way of a consent judgment,[2] the parties agreed that they would have joint and shared custody of the minor child, with the parties agreeing to share physical custody of the minor 'child on an approximate 50-50 basis, according'to a detailed custody schedule contained in the judgment. They agreed, however, that if they are unable to agree on major decisions, then Mrs. Fornaris would be designated as primary domiciliary parent for decision-making purposes. Further, it was agreed that the minor child would attend St. Christopher School for the 8th grade. The issue of child support was set for hearing at a later date;
On October 17, 2014, Mrs. Fornaris filed a “Rule to- Increase Child Support, Past Due Child Support, Past Due Payment of Pro-Rata Share of Extraordihary Expenses, Medicals, Contempt, Actual Attorney Fees and Cost.” Mrs. Fornaris sought an increase in child' support. Pertinent to this appeal, Mrs; Fornaris sought that the child support obligation be calculated to include “[ejxpenses.of tuition, reg *852 istration, books, supplies and fees,” “felpe" cial expenses, camp, wrestling and flag football,!’ and ,“[t]utoring and extra-curricular activities,” : in accordance with the Louisiana Child Support Guidelines as outlined in La. R.S. 9:315, et seq.
On February 9,2015, a hearing was held to determine the appropriate amount of child support. Thereafter, on February 25, .2015, the trial court issued a Judgment and Reasons for Judgment,' ordering Mr. Millet to pay $298.00 per month in child support, with half to be paid on the first day of each month and the other half to be paid on the fifteenth day , of each month. The trial court calculated, this amount using Worksheet B for shared custody which was included with the Judgment and Reasons for Judgment. The trial court did not add the expenses of the private school education incurred on behalf of the parties’ minor child to the basic child support, but did include $50.00 for extraordinary expenses pursuant to La. R.S. 9:315.6. In its Reasons for Judgment, the trial court explained that this |fi$50.00 addition was meant to cover the minor child’s “tutoring and extracurricular activity fees, including those incurred for camp, wrestling,. and flag football.”
This timely appeal followed.
On appeal, Mrs. Fomaris argues the trial court erred in not adding the expenses of private school education incurred on behalf of .the parties’ minor child to the basic child support obligation, since the parties had consented to the minor child’s attending 8th grade at St. Christopher School. She also argues that the trial court erred in failing to add the expenses of private school education incurred on behalf of the . parties’ minor child to the basic child support obligation, since a particular educational need of the child was met by his attendance at private school. Finally, Mrs. Fornaris argues that the trial court erred in failing to order Mr. Millet to pay his pro-rata share of tutoring fees and extracurricular activity fees, including camp, wrestling and flag football, instead of the parties sharing the expenses equally.

LAW AND ANALYSIS

La. R.S. 9:315.6 provides for the inclusion of extraordinary expenses, such as private school tuition, as an addition to the basic child support obligation. The statute reads:
By agreement of the parties or order of the court, the following expenses in-eurred on behalf of the child may be added to the basic child support obligation:
(1) Expenses of tuition, registration,
books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.
(2) Any expenses for transportation of the child from one party to the other.
(3) Special expenses incurred for child rearing intended to enhance the health, athletic, social, or cultural development of a child, including but not limited to camp, music or art lessons, travel, and school sponsored extracurricular activities.
| fi(Emphasis added.)
The word “may” in this statute indicates that the addition of private school expenses is permissive, rather than mandatory. Campbell v. Campbell, 95-1711 (La.App. 1 Cir. 10/10/96) 682 So.2d 312, 320. La. R.S. 9:315.6 was amended in 2001 removing the language requiring that a “particular educational need” to attend the special or private school be shown. The statute, as amended, is less restrictive in order to encompass generally “the needs of the child.” State Dept. of Social *853 Services ex rel. K.L. v. Lesley, 07-599 (La. App. 5 Cir. 12/27/07), 975 So.2d 657, 659. According, to the comments, to this statute, “[t]he needs of .the child .met by the special or private school need not be particular educational needs, but may include such needs of the child as the need for stability or continuity in the child’s educational program.” Id. A trial court’s determination of whether to include private school tuition in a basic child support obligation will not be disturbed absent an abuse of discretion. Ficarra v. Ficarra,; 11-569 (La.App. 5 Cir. 2/14/12), 88 So.3d 548, 556.
Mrs. Fornaris was required to present evidence that an education at St. Christopher School was necessary to meet “the needs of the child.” In other words, Mrs. Fornaris had to prove that the needs of the child are met only through attendance at a private school. See Short v. Short, 11-3 (La.App. 5 Cir. 10/25/11), 77 So.3d 405, 416, writ denied, 11-2635 (La.02/10/12), 80 So.3d 472.

Consent to payment of private school tuition

In her first assignment of error, Mrs. Fornaris argues the trial court erred in not including tuition, registration, and school fees in the child support calculations, since the parties consented to the minor child’s attending school ' at St: Christopher School for 8th grade. Although the consent judgment signed on November 3, 2014 provides that the parties agreed that the minor child would attend St. Christopher 17School -for the 8th grade, that judgment is noticeably silent as to any provision that Mr. Millet agreed to pay a portion of the private school expenses for the minor child at St. Christopher School for the 8th grade. Indeed, Mr. Millet testified that he never agreed to pay a portion of the private school expenses. The consent judgment provided that the issue of child support was to be set for hearing at a later date. Absent a provision .in the consent judgment ..that Mr. Millet agreed to pay a portion of the private school expenses for the minor child at St. Christopher School for the 8th grade, this assignment of error is without merit.

Private school tuition

Mrs.- Fornaris next argues that the trial court erred in failing to add the expenses of private school education incurred on behalf of the parties’ minor child to the basic child support, obligation, since a particular, educational need of the child was met by his attendance at private school, The evidence presented established that the minor child has attended St. Christopher School since age three. At the time of the child support hearing, he was in the 8th grade. He had applied to . attend a local Catholic high school, Jesuit - High School, for 8th grade, but was not accepted. Mrs. Fornaris testified that he reapplied to Jesuit for 9th grade, but it was undetermined as of the time of the hearing as to whether he would be accepted to Jesuit for 9th grade. According to Mrs. Fornaris, it is in the minor child’s best interest to stay where he has been (in-a Catholic school) since age three. She testified that he is a shy child, and it would not be good for him to have to switch schools every so many years. Though -he will have to change schools for high school, she! testified.that he has to go to “another Catholic environ: ment private school where he’s not going to have to worry about , meeting new people.” She testified that he is familiar with Jesuit, as he has-been-going .there, for various things “since he was a baby.” She is. opposed to sending him to public school in |RSt. Charles Parish because she. is concerned about the environment he would be in there. She testified that he. can sometimes be socially awkward, and “[h]e would get eaten alive.” She testified that it *854 would be a “culture shock” for him to attend públic school. He receives accommodations at St. Christopher for ADD,[3] but she admitted on cross-examination that any accommodations he needs he could receive from a public school.
Shelia Nicholson, a teacher and counsel- or at St. Christopher School, testified that she was the minor child’s counselor for a number of-years and was then his World Geography teacher. She testified he is doing well at St. Christopher, and to her knowledge, he did not have any Ds or Fs on his last report card. She testified that he does receive accommodations and does very well with those accommodations. According to Ms. Nicholson, the minor child has a perfect conduct record, has no problems at school, and has flourished at St. Christopher. On cross-examination, she admitted that she does not know whether St. Charles public schools offer similar or better' accommodations as compared to St. Christopher.
Mr. Millet testified that at no time did he want his child to attend private school. He also.never agreed to pay a portion of the private school expenses. According to Mr. Millet, the agreement for Mrs. For-naris to pay the minor child’s tuition came about in their first court hearing. Since he did not want the minor child to attend private school and Mrs. Fornaris did, it was agreed that she would pay thé tuition and would be allowed to claim the minor child as a dependent on her income tax returns. 'He testified that he cannot afford private school tuition. He also testified that his objection to private school was not that he would have to 19pay for it, but that he thinks the minor child can.get a better education in St. Charles Parish public schools.
' Both parties also testified to their income and expenses. Mr. Millet works as an air-conditioning mechanic. He is now married" with two additional children. Both Mr. Millet and his wife testified that they live paycheck to paycheck. He no longer owns' his own home; it has gone into foreclosure. He has no savings or retirement accounts. He does not plan on sending his other two children to private school. ‘He admitted that he currently pays $960.00 a month for daycare expenses for his two other children, which includes after school care, but he testified that he would lose income or incur additional expenses if he took them out of that day care center or brought them to another day care center.
Mrs. Fornaris testified that she is a fifth grade teacher in a Jefferson Parish public school. She also is now married with two additional children. She testified that she often does not have enough income to cover all of her monthly expenses. She' testified that she pays $387.00 over ten months for the subject minor child’s private school tuition. She admitted- that it was by agreement of the parties that Mr. Millet has not paid any tuition for the past eleven years. She stated that-she agreed to pay the private school tuition . back in 2006 because “she wasn’t getting money from his father and [she] didn’t want to not have a school bill paid.” She testified that even if she-has to pay one hundred percent of the minor child’s high school. education, she will still send, him to private school. She testified that she tutors to make extra money to afford the private school tuition and would work two jobs if need be to afford the private school tuition.
The trial court decided hot to includé private school tuition as an extraordinary expense in his child support calculations. *855 In its reasons for judgment, the trial court stated:
ImEven though the child may have attended private school prior to these proceedings, it is this Court’s impression of the law that the only time it can order payment of same in child support is when married persons divorce with their children having been in private school during the marriage. In said instance, the law allows a court to order maintenance of the status quo after divorce. Since said scenario is not the case here, the Court cannot add tuition costs to the shared child support obligation.
Mrs. Fornaris argues that this is not an accurate description of when tuition costs can be added and is not a correct statement of Louisiana law. However, this Court has held that reasons for judgment by a trial judge are not controlling and do not constitute the judgment of the court. According to La. C.C.P. art. 1918, a judgment and reasons for judgment are two separate and distinct documents. Appeals are taken from the judgment, not the written reasons for judgment. Reasons for judgment set forth the basis for the court’s holding and are not binding. Dep’t of Soc. Servs. ex rel. P. B., 12-838 (La.App. 5 Cir. 4/24/13), 114 So.3d 1161, 1165 n. 4, writ denied, 13-1193 (La.09/13/13), 120 So.3d 698.
Generally, the standard of appellate review of factual findings in a civil action is a two-part test: 1) the appellate court must find from the record that there is a reasonable factual basis in the record for the finding of the trial court; and 2) the appellate court must further determine the record establishes that the finding is not manifestly erroneous or clearly wrong. Hall v. Hall, 11-60 (La.App. 5 Cir. 5/24/11), 67 So.3d 635, 638, writ denied, 11-1752 (La.10/14/11), 74 So.3d 214. Factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Upon review, we find that the trial court was not manifestly erroneous or clearly wrong in its decision not to add the expenses of private school education incurred on behalf of the parties’ minor child to the basic child support obligation, since the trial court apparently did not find that a particular educational need of the |T1 child would be met only through his attendance at private school. We further find that a reasonable factual basis exists in the record therefor.
After considering the evidence presented, the trial court judgment ordered Mr. Millet to pay $298.00 in child support each month. This amount did not include expenses for private school education. The trial court considered the testimony of both Mrs. Fornaris and Mr. Millet. Mr. Millet testified that he has always been opposed to sending his child to private school, and that he cannot afford private school tuition. Mrs. Fornaris testified that she=is really opposed to sending her minor child to St. Charles public schools because she is concerned about the environment there and him being “eaten alive.” She did admit, however, that proper ADD accommodations would be available to him in the St. Charles public schools. Though the parties agreed to send the minor child to St. Christopher for 8th grade, this decision was made after enrollment time for St. Charles schools had passed. Further, they never agreed that Mr. Millet would pay towards the St. Christopher tuition. It is clear from the record that the trial court felt that Mrs. Fornaris did not prove that the needs of the child can only be met through attendance at a private school. Short v. Short, supra.
Accordingly, upon careful review of the record, it is apparent that the trial court was not manifestly erroneous or clearly *856 wrong in its decision ¡to not add the expenses of private school education incurred on behalf of the parties’ minor child to the basic child support obligation. Further, the trial court’s decision as- to whether to add private school expenses to the basic child support obligation is ■ discretionary. La. R.S. 9:315.6. We find no abuse of the trial court’s discretion in this regard. Accordingly, we find that the trial court did not err in. its decision to not add the expenses of private school education incurred on behalf of the parties’ |12minor child to the basic child support obligation. This assignment, of error, is without merit.

Extracurricular activity expenses

In her final assignment of error, Mrs. Fornaris notes that the trial court observed that Mr. Millet was tardy in his child support payments and for that-rear son the trial court added expenses of the minor child’s medication and tutoring in its child support calculations. Mrs. Fornaris argues that the trial court did not order that Mr. Millet pay his 61% of extracurricular expenses incurred for camp, wrestling, and sports but it should have ordered that Mr. Millet pay his proportional share of these extracurricular expenses. The record reflects that the trial court added $50.00 per month to the basic child support obligation for extraordinary expenses on' Line 9(d) of Worksheet B included with the judgment. The trial court noted that Mrs.-.Fornaris pays all 'of the minor child’s “tutoring and extracurricular activity fees, including those incurred for camp, wrestling, and flag football.” The trial court then stated that it considered this to be each parent’s responsibility and thus added the $50.00 on Line '9(d) of the worksheet. Upon review, we 'find that the trial court did not abuse its discretion in this regard. Ficarra, supra. This assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the trial court’s February 25, 2015 judgment is affirmed.

AFFIRMED

. The minor child will not be named in this opinion in order to protect his privacy.

. • This consent judgment was, not signed by . the court until November 3, 2014.

. ADD is an acronym for "attention deficit disorder.”