CHAISSON, J.
hln this succession proceeding, defendant appeals a summary judgment that set aside the Judgment of Possession previously rendered in this matter. Plaintiffs, who are the children of the decedent, answer defendant’s appeal seeking a declaration that they are forced heirs of their mother, Kathleen Joy Salvatore. For the reasons that follow, we affirm the summary judgment setting aside the Judgment of Possession previously rendered in this matter, and we dismiss plaintiffs’ answer to this appeal. We further remand this matter to the district court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
Kathleen Theresa Joy Martin Salvatore (“Mrs. Salvatore”) died on September 4, 1997. Over fourteen years later, on December 15, 2011, her surviving husband, Joseph M. Salvatore, filed a Petition to *1067 Probate Mrs. Salvatore’s last will and testament. In his petition, Mr. Salvatore acknowledged that Mrs. Salvatore had three children from a prior marriage, and that in her last will and testament, Mrs. Salvatore bequeathed those children the forced portion of her estate. He further alleged, however, that because Mrs. Salvatore died during the transitional period after the abolition of forced heirship in Louisiana, “the applicable transitional statute, La. R.S. 9:2501 et seq., mandated removal of decedent’s children as forced heirs thus leaving decedent’s husband as the universal legatee of her estate.” Mr. Salvatore did not request that any notice of this proceeding be given to Mrs. Salvatore’s children, and they now contend that they were given no notice and were not aware that their mother’s estate had been opened. On January 17, 2012, Mr. Salvatore filed a Petition for Possession, making the same allegations regarding Mrs. Salvatore’s children that he had made in his Petition to Probate. On that same date, the district court rendered adjudgment of Possession recognizing Mr. Salvatore as the sole heir and legatee of Mrs. Salvatore and sending him into possession of the assets of her estate.
When Mrs. Salvatore’s children from her prior marriage, John R. Raines, Kathleen Raines Beckmann and Lisa Dawn Raines (“the Salvatore children”), subsequently learned of the Judgment of Possession, they filed a Petition to Annul Judgment of Possession and to Reopen Succession, in which they named Michael M. Salvatore, in his capacity as universal heir and independent executor of the estate of Joseph Salvatore, as defendant.[1] In that petition, the Salvatore children prayed for judgment “vacating and annulling the judgment of possession signed herein on January 17, 2012” and reopening the succession and confirming John R. Raines as executor. As the grounds for annulling the Judgment of Possession, they alleged that it was procured by fraud and ill practices in that they were not given notice of the proceedings and an opportunity to be heard, and they were forced heirs of their mother and deprived of their inheritance based upon an erroneous interpretation of the forced heirship law and therefore improperly excluded from the Judgment of Possession. Although they alleged their status as forced heirs as a ground for annulling the Judgment of Possession, they did not specifically pray for a declaratory judgment recognizing them as such,
The Salvatore children thereafter filed a Motion for Summary Judgment praying for judgment annulling the previously rendered Judgment of Possession on the grounds that it was based upon an unjustified legal assumption that they were not entitled to their forced portion. Although the Salvatore children state in their memorandum in support of their motion that they were not provided notice of the succession proceeding, they do not argue lack of notice as the grounds that the Judgment of Possession should be annulled. Like their Petition to Annul, their | ¡¡Motion for Summary Judgment did not specifically pray for a declaratory judgment recognizing them as forced heirs of their mother’s estate.
On March 29, 2016, a hearing was held on the Salvatore children’s summary judgment motion. Neither party raised or argued the issue of lack of notice, however, the district judge questioned counsel for *1068 both parties regarding this issue and expressed his concern regarding the lack of notice. Thereafter, the district court granted summary judgment in favor of the Salvatore children “only insofar as setting aside the judgment of the Court dated January 17, 2012.” The district judge did not provide ■written reasons for judgment, but it is clear from the transcript of the hearing that, even though the Salvatore children did not argue lack of notice of the succession proceeding as the grounds upon which they sought annulment of the judgment, the district judge set aside the Judgment of Possession due to lack of notice. The district judge specifically stated that there needed to be a subsequent hearing regarding interpretation of Mrs. Salvatore’s last will and testament, to determine whether she intended to leave her children something over and above their forced portion. The district court therefore did not resolve the question of whether or not the Salvatore children are forced heirs of their mother’s estate.
It is from this judgment that Michael M. Salvatore now appeals, assigning as error the district court’s granting of the summary judgment.[2] The Salvatore children answer Michael M. Salvatore’s appeal, objecting to the district court’s reasons for setting aside the Judgment of Possession, without resolving the question of whether they are forced heirs of their mother’s estate under the law and therefore entitled to the forced portion of her estate. They therefore request, in effect, that the district court’s March 29, 2016 judgment be amended by this Court |4to declare that they are forced heirs of their mother’s estate, and that in all other respects the judgment be affirmed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Bell v. Parry, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La.App. 5 Cir. 11/29/11), 78 So.3d 849, 852.
In this case, there are no material facts in dispute. Resolution of the Salvatore children’s Motion for Summary Judgment involves only an interpretation and *1069 application of the pertinent statutes relating to forced heirship, and an interpretation of Mrs. Salvatore’s last will and testament in accordance with those statutes. We therefore analyze the Salvatore children’s Motion for Summary Judgment accordingly, utilizing a de novo standard of review. In doing so, we find that we are able to ascertain Mrs. Salvatore’s intent with regard to bequests to her children by a plain reading of her last will and testament, without resort to any extrinsic evidence outside the four corners of the will.
| ^Effective January 1,1996, by act of the Louisiana Legislature and subsequent approval of a constitutional amendment by the electorate, forced heirship was abolished in Louisiana except under limited circumstances. La. Const. Art. XII, Sec. 5. The parties agree that neither of the limited circumstances retaining forced heirship is applicable in this case. Due to this change in forced heirship laws, the legislature enacted an implementation statute, La. R.S. 9:2501, providing for the determination of the intent of testators who died during a certain transitional period, but who executed a last will and testament prior to January 1, 1996. Mrs. Salvatore executed her last will and testament on October 16, 1987, and she died on September 4, 1997, subsequent to the abolition of forced heirship and during the transitional period. Therefore, all parties agree that the version of La. R.S. 9:2501 in effect on the date of Mrs. Salvatore’s death controls the interpretation of her last will and testament. What the parties dispute is the interpretation of Mrs. Salvatore’s last will and testament, and consequently, which provision of La. R.S. 9:2501 is controlling.
The version of La. R.S. 9:2501 in effect on the date of Mrs. Salvatore’s death provided:
If a person dies testate after July 15, 1997, and the testament is executed before January 1, 1996, then the testator’s intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator’s death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator’s death.
(b) When the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
|fi(2) That in all other instances the testament shall be governed by the law in effect at the time the testament was executed.
(3) That the term forced heir, as used above, shall mean a presumptive forced heir under the law in effect at the time the testament was executed.
Defendant concedes that the only subsection of La. R.S. 9:2501 that is potentially applicable to the interpretation of Mrs. Salvatore’s last will and testament is subsection (l)(a). He contends that Mrs. Salvatore’s last will and testament manifests an intent to restrict her children to the legitime, ie., forced portion, under the law in effect at the time of her death. If defendant’s interpretation of Mrs. Salvatore’s last will and testament is correct, then the Salvatore children are not forced heirs, because forced heirship was abolished pri- or to the date of Mrs. Salvatore’s death on September 4,1997.
*1070 The Salvatore children, on the other hand, contend that their mother’s last will and testament does not manifest an intent to restrict them to the legitime under the law in effect at the time of Mrs. Salvatore’s death, and therefore subsection (2) of La. R.S. 9:2501 is applicable, which provides that the testament is governed by the law in effect at the time that it was executed. If the Salvatore children’s interpretation of Mrs. Salvatore’s last will and testament is correct, then they are forced heirs of their mother’s estate because forced heirship had not been abolished at the time that she executed her will on October 16, 1987. Therefore, resolution of the question of whether the Salvatore children are forced heirs of their mother’s estate turns on the question of whether or not her last will and testament manifests an intent to restrict her children to the legitime under the law in effect at the time of her death.
The provisions of Mrs. Salvatore’s last will and testament relevant to resolution of this question, provide as follows:
II.
I give to my children all my jewelry, share and share alike.
JjJII.
I give to my children their legitime, subject to a usufruct in favor of my husband for his lifetime. My husband is specifically authorized to sell or exchange any property subject to his usu-fruct without the consent or concurrence of my children, even if such sale or exchange results in the conversion of non-consumable property to consumable property to the maximum extent permitted by law so as not to constitute an impermissible condition upon my children’s forced portion determined under the law in effect at my death.
Defendant specifically references the language contained in Section III of the will that states: “... my children’s forced portion determined under the law in effect at my death,” as support for his contention that the will manifests an intent to restrict the Salvatore children to the legitime under the law in effect at the time of Mrs. Salvatore’s death. For the following reasons, we find that defendant is incorrect in his interpretation of Mrs. Salvatore’s last will and testament.
We first note that the dispositive portion of Section III regarding the legitime is found in the first sentence of that section, which states: “I give to my children their legitime, subject to a usufruct in favor of my husband for his lifetime.” The phrase regarding the law in effect at the time of Mrs. Salvatore’s death is found in the second sentence of Section III, which pertains to the usufructuary and the authority he is granted over the property subject to his usufruct. If Mrs. Salvatore’s intent was to restrict her children to the legitime under the law in effect at the time of her death, she could have used the same temporal modifier as used regarding the authority of the usufructuary in the dispositive provision of the legitime to her children. She did not. The dispositive provision regarding the legitime is written in the present tense. Absent a temporal modifier providing a time frame for the determination of the children’s legitime other than the present, ie., the time of execution of the will, it must be presumed that Mrs. Salvatore’s reference to her children’s legitime manifests an intent that they receive their legi-time under the law in effect at the time her will was executed.
^Furthermore, Mrs. Salvatore’s last will and testament also bequeaths her jewelry to her children. This particular legacy to her children is separate and distinct from the disposition of the legitime to her chil *1071 dren, and is contained in a separate section of her last will and testament. Defendant argues that he knows of no jewelry owned by Mrs. Salvatore at the time of her death. Whether or not Mrs. Salvatore owned jewelry at the time of her death, or whether she ever owned any jewelry, is irrelevant. What is relevant is Mrs. Salvatore’s intent at the time that she wrote her last will and testament, which deals with her state of mind. The provision disposing of her jewelry to her children clearly indicates that at the time that she executed her last will and testament, Mrs. Salvatore believed that she owned jewelry, and her intent was to leave it to her children in addition to their legitime. This provision clearly refutes any contention that Mrs. Salvatore intended to restrict her children to their legitime, regardless of whether that legi-time is determined under the law in effect at the time of execution of her last will and testament, or is determined under the law in effect at the time of her death.
It is clear from the plain and unambiguous language of Mrs. Salvatore’s last will and testament that she did not intend to restrict her children to the legitime under the law in effect at the time of her death. It is therefore not permissible to look to any extrinsic sources to ascertain Mrs. Salvatore’s intent, and no additional hearing to ascertain her intent is necessary. Having found that Mrs. Salvatore’s last will and testament does not manifest an intent to restrict the legitime under the law in effect at the time of her death, we further find that subsection (2) of La. R.S. 9:2501 is applicable, and Mrs. Salvatore’s testament is governed by the law in effect' at the time that it was executed. The Salvatore children are therefore forced heirs of their mother’s estate and entitled to their legitime. Since the January 17, 2012 Judgment of Possession excluded the Salvatore children based upon defendant’s erroneous interpretation of Louisiana forced heirship laws and 19erroneous interpretation of Mrs. Salvatore’s last will and testament, that judgment must be annulled. We therefore affirm the district court judgment that annulled the January 17,' 2012 Judgment of Possession. Having found that the judgment must be annulled based'upon a determination that the Salvatore children are forced heirs, we pretermit any discussion of the issue regarding lack of notice of the succession proceeding to the Salvatore children.
Regarding the Salvatore children’s answer to this appeal, for the following reasons,. we dismiss that answer. First, in their answer, the Salvatore children seek a judgment specifically declaring them to be forced heirs of their mother’s estate; however, this specific relief was not prayed for either in their original Petition to Annul or in their Motion for Summary Judgment, although it was argued as the basis for annulment of the Judgment of Possession. On our review of the summary judgment, we are not able to grant greater relief, by way of amendment of the judgment, than was prayed for by the movers. The Salvatore children prayed for judgment annulling the Judgment of Possession, and that is the relief that the district court granted. In effect, by way of their answer, the Salvatore children are objecting to the reasons that the district court granted them the relief they requested, rather than appealing the judgment itself. Reasons for judgment by a trial judge are not controlling and do not constitute the judgment of the court. Appeals are taken from the judgment, not the written reasons for judgment. Millet v. Braud, 15-363 (La.App. 5 Cir. 11/19/15), 179 So.3d 849, 855.
Furthermore, our de novo review of the Salvatore children’s Motion for Summary Judgment has resulted in a resolution of *1072 that motion on the grounds proposed by the Salvatore children, thus obviating the need for any additional hearing by the district court regarding their status as forced heirs of their mother’s estate. Therefore, the relief sought by the Salvatore children in their answer to this appeal is moot. We therefore dismiss their answer to this appeal.
^CONCLUSION
Having found that the Salvatore children are forced heirs pursuant to the applicable law, and that they are therefore entitled to judgment as a matter of law setting aside the previously rendered Judgment of Possession, we affirm the district court’s grant of summary judgment in this matter. Having found that the Salvatore children cannot request greater relief than prayed for in their Motion for Summary Judgment and cannot appeal from reasons for judgment, and further finding that the relief requested in their answer is rendered moot by this opinion, we dismiss their answer to this appeal. We further remand this matter to the district court for further proceedings consistent with this opinion.
AFFIRMED; ANSWER TO APPEAL DISMISSED; MATTER REMANDED

. Joseph M. Salvatore died on April 27, 2014. Joseph M. Salvatore’s brother, Michael M. Salvatore, was subsequently named as independent executor of Joseph’s estate, and was thereafter recognized as Joseph’s universal heir, in case No. 738-565 of the 24th Judicial District Court.

. Mrs. Salvatore’s children named Michael M. Salvatore, in his capacity as universal heir of Joseph M. Salvatore’s estate, as the defendant in their Petition to Annul. Michael M. Salvatore filed peremptory exceptions and an answer and affirmative defenses to the petition. Plaintiffs obtained a Rule to Show Cause on their Motion for Summary Judgement directed to Michael M. Salvatore. An opposition thereto was filed but it does not indicate on whose behalf it was filed. Subsequent to the district court’s ruling on the Motion for Summary Judgment, an Order of Appeal was obtained on behalf of the Succession of Kathleen Joy Martin Salvatore. We presume that the attorneys for the Succession of Mrs. Salvatore are acting herein upon the direction of the named defendant, Michael M. Salvatore.