*206
 
 SUSAN M. CHEHARDY, Judge.
 

 |2On appeal, M.R. argues that the juvenile court judge erred in finding that he was the biological father of the child, P.B.,
 
 [1]
 
 and in finding that it was in the best interest of said child to establish paternity and support.
 

 The minor male child whose biological paternity is at issue was born on January 22, 2001. At the time that the child was conceived, his mother, B.B., was married to P.B. and involved in a sexual relationship with her brother-in-law, M.R. It is uncontroverted that B.B.’s husband underwent a vasectomy prior to the child’s conception. B.B. contends that her child was conceived as the result of her extra-marital relationship with M.R.
 

 On September 10, 2007, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorneys Office, filed a Petition to Prove Paternity and Obtain Child Support in the Juvenile Court for Jefferson Parish, pursuant to La. R.S. 46:236.1.2. In that action, the petitioners represent that M.R. is the child’s biological father. The petitioners attached genetic parentage test results from an accredited laboratory that reflect the probability of M.R. being pthe child’s biological father is 99.999%. Further, the petitioners allege that the child’s mother is entitled to child support based upon La. R.S. 46:236.1.1
 
 et seq.
 
 and La. C.C. art. 241.
 

 On October 5, 2007, M.R. filed Exceptions of Prescription/Peremption, No Right of Action, No Cause of Action, Res Judica-ta, and Failure to Join an Indispensable Party. After a hearing on November 15, 2007, the exceptions were overruled by the hearing officer. M.R. disagreed and requested a hearing before the juvenile court judge. The transcript of that hearing, which was held on January 7, 2008, is not part of this record.
 

 The “best interest” hearing began on February 25, 2008. After receiving testimony from the child’s mother, B.B., and legal father, P.B., the judge recessed the matter for mediation. Although an agreement was reached, the child’s mother later moved to have the agreement set aside and to proceed with the paternity hearing.
 

 The trial resumed on November 10, 2008. After hearing testimony, the Court ruled that M.R. failed to show that an establishment of paternity was not in the best interest of the child. The Court found that M.R. was the biological father
 
 of
 
 the child.
 

 On appeal, M.R. challenges the denial of his exceptions as well as the Judgment rendered on November 10, 2008. Here, M.R. specifically argues, first, that the petitioner's failed to establish that the child’s mother met the statutory requirement of La. R.S. 46:236.1.2(D)(1) that she and/or the child are receiving services through the Department of Social Services. Second, M.R. argues that “all facts and evidence presented clearly support that the establishment of paternity herein would not serve the child’s best interest.” Finally, M.R. argues that the petitioners failed to introduce any evidence that he is the biological father of the|4child. In response, the State contends, first, that this appeal is premature and should be dismissed; and second, if the appeal is considered on the merits, the trial court did not err as a matter of fact or law.
 

 The State of Louisiana, Department of Social Services, has moved to dismiss this appeal on the grounds that the judgment at issue is a partial judgment under La.
 
 *207
 
 C.C.P. art. 1915(B)(2), which is not appeal-able under La. C.C.P. art. 2083. In this matter, the petitioners sought relief on three claims: 1) the paternity of the child; 2) if M.R. was found to be the child’s biological father, whether it was in the best interest of that child to establish said paternity and support; and, 3) if support was to be awarded, in what amount.
 

 Appeals are taken from final judgments. La. Ch.C. art. 330(A); La. C.C.P. art. 2083(A). In specific circumstances, partial judgments are appealable. La. C.C.P. art. 1915(A). However, most partial judgments are not appealable. La. C.C.P. art. 1915(B) provides:
 

 (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, or theories, whether in an original demand, reconventional demand, cross-claim, third party demand, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 The State contends that the instant judgment is clearly a partial judgment, which has not been designated as final, because it does not dispose of all the issues pending between the parties, but merely the issue of paternity. We agree.
 

 IsThe trial judge ruled that it was in the best interest of the child for M.R. to be established as the child’s biological father. The trial court declined to set an amount of support at the hearing. The trial court did not designate its judgment as a final judgment nor did it make an express determination that there was no just reason for delay. Because neither of the conditions precedent to finalization of a partial judgment exist in the instant case, we find that judgment at issue is not a final judgment and, therefore, not ripe for appeal. See La. C.C.P. art. 1915(B)(2). This appeal is hereby dismissed with costs to be paid by appellant.
 

 APPEAL DISMISSED.
 

 [1]
 

 . Pursuant to U.R.C.A. 5-2 to protect the minor child's privacy, we will use initials to refer to the minor child as well as the responsible adults.