SUSAN M. CHEHARDY, Judge.
[Jn this case, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorney appeals the juvenile court judge’s calculation of child support from a biological father in a “dual paternity” situation. For the following reasons, we reverse and remand.
This is the second time these parties have been on appeal to this Court. The facts are not in dispute. A boy, P.B.,[1] was born on January 22, 2001. When he was conceived in May of 2000, his mother, B.B., was married to P.B. and involved in a sexual relationship with her brother-in-law, M.R. Because B.B.’s husband had undergone a vasectomy, B.B. believed, when she learned that she was pregnant, that M.R. was the child’s biological father. Shortly after the child was conceived, B.B. and M.R.’s relationship ended.
On September 10, 2007, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorney’s Office (hereinafter “State”) filed a Petition to Prove Paternity and Obtain Child Support in the Juvenile Court for Jefferson Parish, pursuant to La. R.S. 46:236.1.2. In this action, |3the petitioners represented that M.R. was P.B.’s biological father. The petitioners attached genetic test results from an accredited laboratory, which reflected that the probability that M.R. was the child’s biological father is 99.999%. Further, the petitioners alleged that the child’s mother was entitled to child support based upon La. R.S. 46:236.1.1 et seq. and La. C.C. art. 241.
On November 10, 2008, the juvenile court judge heard testimony from P.B.’s mother, legal father, biological father, and biological aunt/step-mother on whether establishing the child’s paternity was in the best interest of the child. At the conclusion, the judge determined that it was in the child’s best interest for M.R. to be established as P.B.’s biological father.
M.R. appealed that judgment. The State moved to dismiss that appeal on the grounds that the judgment at issue was a partial, non-appealable judgment, citing La. C.C.P. art. 1915(B)(2) and La. C.C.P. art. 2083. We agreed and dismissed the appeal. State, D.S.S. ex rel. P.B. v. Reed, 08-1309 (La.App. 5 Cir. 5/12/09), 15 So.3d 205, 207.
Thereafter, on January 11, 2010, the trial court held a hearing to review the temporary support order and set child support. At that hearing, the judge ordered M.R. to pay B.B. $365.00 per month for P.B.’s support. The State appeals that award herein.
In its sole assignment of error, the State argues that the juvenile court judge erred, as a matter of law, in the methodol *147 ogy used to calculate the child support obligation of a biological father in a “dual paternity” situation. We agree.
“The husband of the mother is presumed to be the father of all children born during the marriage.... ” La. C.C. art. 185. A child does, however, have standing to bring a filiation proceeding against her biological father, despite the existence of La presumptive father. La. C.C. art. 197; Griffin v. Succession of Branch, 479 So.2d 324 (La.1985).
This filiation proceeding does not illegitimate the child, but rather establishes both the child’s legal and biological father, which is referred to as “dual paternity.” Smith v. Cole, 553 So.2d 847 (La.1989). The Louisiana Supreme Court, in Smith, the seminal decision on dual paternity, opined:
The presumed father’s acceptance of paternal responsibilities, either by intent or default, does not [inure] to the benefit of the biological father. It is the fact of biological paternity or maternity, which obliges parents to nourish their children. The biological father does not escape his support obligations merely because others may share with him the responsibility. Biological fathers are civilly obligated for the support of their offspring.
Id. at 854. “[T]he presumption of paternity ... is not intended to allow biological fathers to avoid their support obligation.” State, Dept. of Social Services, Office of Family Support ex rel. Munson v. Washington, 32,550 (La.App.2d Cir.12/08/99), 747 So.2d 1245, 1247 (citing Warren v. Richard, 296 So.2d 813 (La.1974)).
Additionally, La. R.S. 46:236.1(F) gives the State of Louisiana, Department of Social Services standing, under certain circumstances, to bring an action to establish paternity and fix child support. Specifically, the statute authorizes the State to:
... take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section ... A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.
This statute allows DSS to prove the biological paternity of a child solely for the purposes of acquiring support for the child. T.D. v. M.M.M., 98-0167 (La.3/2/99), 730 So.2d 873, 881-882.
| ¿The trial court’s discretion in setting the amount of child support is structured and limited. State ex rel. D.F. v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687, 690 (citations omitted). This obligation must be administered and fairly apportioned between parents in their mutual financial responsibility for their children; toward that end, guidelines balance the needs of children with the means available to parents. Id. The standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. Id. (citations omitted).
The Guidelines for Determination of Child Support are set forth in La. R.S. 9:315, et seq. (“Guidelines”). In La. R.S. 9:315(A), the Louisiana Legislature set forth the basic principles of the Guidelines as follows:
The premise of these guidelines as well as the provisions of the Civil Code is that child support is a continuous obligation of both parents, children are enti- *148 tied to share in the current income of both parents, and children should not be the economic victims of divorce or out-of-wedlock birth.
The guidelines mandate that each party provide the Court with proof of his or her income. La. R.S. 9:315.2(A) states:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. [Emphasis added.]
In cases where the record contains inadequate information and documentation upon which to make a child support determination under the guidelines, a remand to the trial court is necessary. Inzinna v. Acosta, 623 So.2d 1357, 1359 (La.App. 5th Cir.1993).
| Jn this situation, which does present a matter of first impression for this Circuit, we would be inclined to render a support order to bring a certain amount of closure to this situation.[2] Unfortunately, the record is devoid of competent evidence necessary to make a proper child support determination under the guidelines.
Here, the exhibit list[3] includes two paycheck stubs from the mother, an unauthenticated list of bank deposits for the biological father, two different LASES worksheets, and a 1099 form for the biological father. It is unclear how the trial judge came upon the amount of income imputed to the legal father. Further, based on the numerous documents listing income for the biological father, it is unclear how the trial judge decided upon the amount of income imputed to him.
The trial court’s discretion in setting the amount of child support is structured and limited. State ex rel. D.F. v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687, 690 (citations omitted). La. R.S. 9:315.2(A) clearly states:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. (Emphasis added).
Here, the juvenile court judge abused her limited discretion in calculating a child support award without verified income statements, including, but not limited to, paycheck stubs or employer statements and the |7most recent tax returns, i.e., 2009, from the mother, legal father, and biological father. Accordingly, we vacate the current award, reinstate the temporary support award, and remand to the juvenile *149 court for a hearing to set child support in compliance with the guidelines, including, but not limited to La. R.S. 9:315.2(A).

REVERSED AND REMANDED.

. To protect the minor child’s privacy, we will use initials to refer to the minor child as well as the related adults. See, U.R.C.A. 5-2.

. Even if the record contained proper documentation for the trial judge to determine the parties’ child support obligation, we would find that the calculation was incorrect as a matter of law. For an interesting approach in a "dual paternity” situation, see State ex rel. C.W. v. Wilson, 37,674 (La.App. 2 Cir. 9/24/03), 855 So.2d 913, writ denied, 03-2970 (La. 1/16/04), 864 So.2d 633.

. We use the term "exhibit list” because the transcript of this proceeding is unclear as to what exhibits of those transmitted to this Court were actually introduced into evidence.