CLARENCE E. McMANUS, Judge.
 

 |2Ponald Gloster appeals the juvenile court’s award of child support to Laciana Davis, on behalf of the minor child, A.D. For the reasons which follow, we affirm the court’s judgment.
 

 STATEMENT OF THE CASE
 

 On April 27, 2010, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorney, filed a Motion to Modify Support on behalf of Laciana Davis for the minor child, A.D., against the father, Donald Gloster. The State alleged more than three years had past since child support was last set.
 

 On August 20, 2010, a hearing was held before a hearing officer. The District Attorney presented a Family Support Order Recommendation for Judgment seeking to have it declared the judgment of the court. Gloster and Davis both presented pay stubs as proof of their current income. Gloster was employed by Noranda Alumina, L.L.C. Davis was employed by the Jo Ellen Smith Convalescent Center. Based on the proof of income presented, the hearing officer prepared an obligation worksheet and determined Davis’ monthly income to be $3,035.00 per month and Gloster’s income to be $5,988.00 per month. At that time, Gloster was receiving overtime pay for an average of 94 overtime hours per month. Based on these income findings, the hearing officer found the total basic monthly child support obligation was $1,180.30, according to the schedule set |aforth in LSA-R.S. 9:315.2(D). The hearing officer further found Gloster responsible for 66.36% of the monthly child support obligation and ordered him to pay $783.25 for child support plus 5% court costs per month. This award was made retroactive to the filing date of April 27, 2010. Gloster disagreed with the support recommendation because it included overtime compensation in the calculation of income and support.
 

 A disagreement hearing was then held on September 20, 2010. Gloster testified and presented a letter from the human resource manager for his employer, along with payroll reports to demonstrate his income. The juvenile court noted that the letter from Gloster’s employer and payroll reports indicated that he did receive pay for overtime hours and the number of hours increased in April and then decreased in August. Gloster’s employer explained this Ghange in a letter to the court, stating his overtime hours averaged 94 hours per month from March through July 2010 and dropped to 54 hours for the month of August. The letter further provided that his September overtime hours
 
 *1102
 
 were trending lower and the reason for the decrease in overtime hours was the filling of open positions by the end of July. Additionally, the employer stated there is no guarantee of overtime hours nor is the past a predictor of the future.
 

 In accordance with the payroll reports, employer letter, and testimony of Gloster, the juvenile court determined Gloster’s income, including overtime, from April 27, 2010 through August 30, 2010 was $5,998.00 per month. Based on this income, the juvenile court ordered Gloster to pay child support of $783.00 per month from April 27, 2010 until August 30, 2010.
 

 Further, the juvenile court determined Gloster’s income to be $4,272.00 per month from September, 2010 forward, based on the decrease in his overtime hours. The court ordered child support of $598.00, beginning in September 2010 forward. |4The juvenile court ordered the child support retroactive to the date of filing, April 27, 2010. The juvenile court also ordered the State to calculate arrears using the two different amounts of support awarded. The judgment was signed by the juvenile court on September 27, 2010.
 

 Laciana Davis, the mother of the minor child, now appeals the juvenile court’s judgment arguing the juvenile court erred in dividing the income of Gloster into separate periods of April 27, 2010 to August 2010 and September 2010 forward, in order to calculate child support. Davis argues Gloster’s income should have been determined using only his amount of income as of April 27, 2010, the date of filing of the motion to modify support, which included overtime. She contends his income should not have been separately calculated using his income with less overtime. For the reasons which follow, we affirm the juvenile court’s judgment.
 

 DISCUSSION
 

 The trial court’s discretion in setting the amount of child support is structured and limited.
 
 State, Dept. of Social Services ex rel P.B. v. Reed,
 
 10-410, (La.App. 5 Cir. 10/26/10), 52 So.3d 145,
 
 writ denied,
 
 2010-2611, (La.2/18/11), 57 So.3d 333. This obligation must be administered and fairly apportioned between parents in their mutual financial responsibility for their children; toward that end, guidelines balance the needs of children with the means available to parents.
 
 Id.
 
 The standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error.
 
 Id.
 

 The guidelines for determination of child support are set forth in LSA-R.S. 9:315, et seq. The schedule of basic child support obligations contained in LSA-JR.S.5 9:315.19 relies on the combined adjusted monthly gross income of the parents. According to LSA-R.S. 9:315 C(3)(a), gross income is defined as follows:
 

 (3) “Gross income” means:
 

 (a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers’ compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
 

 [[Image here]]
 

 (d) As used herein, “gross income” does not include:
 

 [[Image here]]
 

 (iii) Extraordinary overtime including but not limited to income attributed to seasonal work regardless of its percentage of gross income when, in the court’s
 
 *1103
 
 discretion, the inclusion thereof would be inequitable to a party.
 

 In accordance with this statute, the court may exclude extraordinary overtime from the calculation of gross income. The court must determine if the overtime is extraordinary and, if so, whether or not the inclusion of the extraordinary overtime in the calculation of gross income would be inequitable to any party.
 

 On appeal, Davis argues the evidence presented did not establish that the overtime being included in the gross income was extraordinary, therefore, it should be included in calculating Gloster’s income from the date of filing the motion to modify until another motion or rule is filed to decrease the amount of support. Davis argues that Gloster did not establish that the overtime being included in his income was outside his job requirement, voluntarily undertaken for a limited purpose, or not likely to happen in the future, therefore, it should be included in calculating of his income.
 

 Davis further argues that awarding support for two different time periods is a deviation from the child support guidelines and if the court wishes to deviate, it | fimust follow LSA-R.S. 9:315.1(B)(1). Davis contends the court deviated from the guidelines but gave no reasons for such deviation. Davis argues Gloster did not establish that a deviation was in the best interest of the child and he had the burden of proving the basic guidelines were inequitable.
 

 LSA-R.S. 9:315.1(B) and (C) provide, in part:
 

 B. (1) The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
 

 [[Image here]]
 

 C. In determining whether to deviate from the guidelines, the court’s considerations may include:
 

 [[Image here]]
 

 (8) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
 

 On August 20, 2010, both parties submitted current pay stubs to the hearing officer, which were made part of the record. The hearing officer completed an obligation worksheet based on the income from the pay stubs, which included an average of 94 overtime hours per month, and determined Gloster’s monthly gross income at that time was $5,988.00.
 

 At the disagreement hearing on September 20, 2010, the juvenile court was presented with a letter from Gloster’s employer, along with payroll reports which indicated his income and the number of overtime hours he worked from February 2010 until September 2010. The employer letter and payroll reports were made part of the record. The letter from Gloster’s employer indicated he worked an average of 94 overtime hours from March 2010 to July 2010 and then his overtime hours dropped to 54 hours per month for August. Gloster’s employer explained [7this decrease as the result of the filling of positions by the end of July. The juvenile court then completed an obligation worksheet and determined Gloster’s monthly gross income to be $4,272.00 and set monthly child support payments of $598.00.
 

 
 *1104
 
 After completing its own obligation worksheet and reviewing the exhibits presented, the juvenile court calculated child support for two different time periods based on the difference in the amount of income earned by Gloster during each period of time. The juvenile court adopted the hearing officer’s recommendation of monthly child support of $783.00 due by Gloster for the period of time he was working an average of 94 hours of overtime per month, from the date of filing of the motion to modify through August 2010.
 

 The juvenile court recognized that the number of overtime hours had decreased as of August 2010. Thus, the juvenile court decreased his income and consequently decreased his child support obligation. The juvenile court calculated Gloster’s income and included the amount of overtime he was actually earning during each period of time. Thus, the juvenile court made two distinct findings of income and child support for the two separate time periods based on these differences.
 

 First, we do not find the juvenile court deviated from the child support guidelines by making a determination of income for two different periods of time. Based on the evidence presented to the juvenile court, the court made a determination of income and used the child support guidelines, as provided for in the statute to determine the amount of support awarded based on these two incomes. Thus, we find no deviation from the guidelines.
 

 Additionally, we find the juvenile court correctly calculated the amount of monthly support owed by Gloster based on his incomes for each time period. We 1 sdo not find the overtime worked by Gloster to be extraordinary, and thus it is not excluded from income pursuant to La. R.S. 9:315(C)(3)(a). Gloster’s employer explained the decrease in the overtime hours. Gloster testified that he was working more overtime hours because someone had retired and no one had yet filled the position. Gloster’s employer further explained that there is no guarantee of overtime hours and the past is not a predictor of the future.
 

 We find the juvenile court correctly included the overtime actually earned by Gloster from April 2010 through August 2010 in calculating his gross income. We also find the juvenile court correctly calculated Gloster’s income from September 2010 forward, reflecting the decreased number of overtime hours. The open position created by someone retiring had been filled and Gloster was no longer working as many overtime hours, thus his income was less.
 

 Accordingly, we affirm the judgment of the juvenile court awarding child support to Davis in the amount of $783.00 per month for April 27, 2010 through August 2010 and $598.00 per month from September 2010 forward, plus court costs and arrears to be calculated using these child support awards.
 

 [[Image here]]