STATE OF LOUISIANA, DEPARTMENT OF
CHILDREN AND FAMILY SERVICES IN THE
INTEREST OF TREDELL JOSEPH SMITH, JR.
AND TERRELL JA'VONTAE SMITH

VERSUS

TREDELL JOSEPH SMITH

NO. 22-CA-11

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH JUVENILE COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-NS-87, DIVISION "C"
HONORABLE BARRON C. BURMASTER, JUDGE PRESIDING

October 13, 2022

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS**

    **RAC**
    **HJL**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
TREDELL J. SMITH
    Tredell J. Smith

**CHAISSON, J.**

Tredell Joseph Smith appeals various issues relating to a child support proceeding initiated against him by the State of Louisiana in Jefferson Parish Juvenile Court. In his *pro se* appellate brief, Mr. Smith raises numerous issues relating to various aspects of the proceedings; however, his central complaint focuses on the juvenile court's failure to order the return of monies that he alleges were improperly seized from him to satisfy his child support obligation. For the reasons that follow, we dismiss Mr. Smith's appeal and remand the matter with instructions for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On January 22, 2019, the State of Louisiana Department of Children and Family Services ("DCFS") filed a Rule for Child Support against Tredell Joseph Smith in accordance with the provisions of La. R.S. 46:236.1.1 *et seq*. Therein, the State requested child and medical support from Mr. Smith for his two minor children, T.J.S., Jr. and T.Ja.S., whose mother, Santill Williams, receives services from DCFS. The matter came for hearing on April 1, 2019, but did not proceed because there was no service return in the record.

On April 11, 2019, the State filed a Motion to Amend and Reset Rule for Child Support, in which it requested that the original rule be amended to reflect that Mr. Smith now resides in California and that he be served in accordance with the provisions of the Louisiana Long Arm Statute. The matter was reset for hearing on July 15, 2019. On June 18, 2019, after being served, Mr. Smith filed an Answer to Rule for Child Support, to which he attached numerous exhibits, including financial records (pay stubs for the last six months, W-2 forms, vehicle information, and checking and savings account statement); numerous receipts showing alleged expenditures for the two children; and a letter dated March 26, 2019, advising the court that Ms. Williams, the children's mother, is not entitled to

child support because she does not have custody of their two children and alleging various improprieties on her part. Thereafter, on July 11, 2019, Mr. Smith filed a letter with the court requesting that the July 15, 2019 hearing be continued because he was incarcerated in California and would likely not be released in time to attend the hearing.[1]

On July 15, 2019, based on an objection by the State, the hearing officer denied Mr. Smith's request for a continuance and conducted the hearing in his absence. Based on the testimony of Ms. Williams and the documents accepted as evidence, the hearing officer recommended that Mr. Smith pay a total of $674.10 per month.[2] This sum consisted of child support in the amount of $582.00 plus 5% court costs per month for a total of $611.10,[3] cash medical support in the amount of $10.00 plus 5% court costs per month for a total of $10.50, and $50.00 plus 5% court costs per month towards the arrears for a total of $52.50. On July 24, 2019, the juvenile court signed an order accepting the recommendations of the hearing officer as an interim judgment of the court.

On August 1, 2019, Mr. Smith filed a Notice of Appeal. However, upon being advised of the proper procedure, Mr. Smith filed a request for a disagreement hearing before the juvenile court and subsequently withdrew his Notice of Appeal. Prior to the disagreement hearing scheduled for August 26, 2019, Mr. Smith filed several motions that he apparently wanted addressed at the hearing. First, Mr.

---

[1] In his letter, Mr. Smith asserted that he had been incarcerated since July 9, 2019; that his parole officer tried to have him released by July 10, 2019, but was unsuccessful; and that the parole officer said Mr. Smith may be released by July 15, 2019.

[2] In calculating Mr. Smith's child support obligation, the hearing officer relied on Ms. Williams' testimony that Mr. Smith "was doing forklifting in California," as well as the California occupational wage survey for a construction worker. The hearing officer relied on the wage survey, rather than the W-2 forms submitted by Mr. Smith, based on her belief that the forms pertained to Mr. Smith's mother (Treleah Smith) and grandmother (Linda Reeves). It is noted that at a later hearing, Mr. Smith acknowledged that he did forklifting work.

[3] The support order was made retroactive to January 22, 2019, the filing date of the Rule for Support.

Smith filed a Motion for Hearing to address his request for a modification of child support based on his recent inability to work due to injuries sustained in a motor vehicle accident. In support of this motion, Mr. Smith attached employment documents showing that he was placed on leave from his employment due to an injury; the accident report showing the date of the accident as June 17, 2019; and hospital records. In addition, Mr. Smith filed a Motion of Disagreement to Denial of Continuance, in which he alleged that the hearing officer's denial of his motion to continue the July 15, 2019 hearing violated his constitutional rights because he was deprived of his right to be heard, confront accusers, and present evidence. Mr. Smith also filed a Motion to Re-Visit Defendant's Answer to Rule for Child Support with Exhibits and Recalculate Arrears and Child Support Payments, alleging that Ms. Williams is not entitled to support for the child who resides with Ms. Williams' mother. Mr. Smith also pointed out once again that he provides many items for the children, which the court should consider in calculating arrears and child support payments. In this last motion, Mr. Smith also requested that the court rule on the outstanding issues relating to telephone calls with his children and summer visitation in California.

The minute entry from the August 26, 2019 disagreement hearing reflects that testimony was taken from Mr. Smith and that the juvenile court instructed Mr. Smith "to return with a doctor's letter indicating if he can do work of any kind and sufficient proof to support request for 2nd family credit."[4] The disagreement hearing was then reset for November 18, 2019. Prior to this scheduled hearing, Mr. Smith filed a Motion to Revisit Modification of Child Support Payments and

---

[4] The transcript from the August 26, 2019 disagreement hearing is not contained in the appellate court record.

Disagreement to Denial of Continuance, in which he requested that all pending *pro se* motions be heard by the court on November 18, 2019.[5]

The minute entry and transcript from the November 18, 2019 disagreement hearing indicate that the juvenile court addressed Mr. Smith's disability and his request for a second-family credit. With regard to his disability, Mr. Smith provided an unsigned letter, dated August 30, 2019, from a nurse practitioner that read as follows: "Mr. Tredell sustained fracture of his left forearm. He is unable to work at his customary job. He may need retraining to qualified [sic] for a different job. At this time he can not return to work." The juvenile court explained to Mr. Smith and his grandmother, Linda Reeves, who was allowed to assist Mr. Smith throughout the proceedings, that this letter was insufficient for a ruling on the issue of his disability and that he needed to provide the court with a letter from the doctor as to whether Mr. Smith can do any type of work at all, and if so, what kind. With regard to the second-family credit, Mr. Smith failed to bring in any documentation because the baby was only two weeks old at that time. The judge then had an exchange with Mr. Smith as to the type of proof needed to show the second-family credit. The court again continued the matter on these two issues in order to afford Mr. Smith the opportunity to provide proof that his child in California lived with him and an updated letter from the doctor stating whether he can do work of any kind.

Following the decision to continue these issues, Ms. Reeves informed the court that Mr. Smith is not working at all, at which point the court tried explaining that the proceedings are stayed, although Mr. Smith is still responsible for his child

---

[5] In this motion, Mr. Smith specifically complained about the juvenile court's failure to consider these motions at the August 26, 2019 disagreement hearing as Mr. Smith had traveled from California and was present in court that day. The August 26, 2019 minute entry does not reference the motions filed by Mr. Smith; however, there is a notation on Mr. Smith's Motion for Hearing that states: "Moot: Disagreement hearing set for 11/18/19 - See 8/26/19 minute entry-judgment."

support obligation. Pursuant to questions by Ms. Reeves, the judge explained that if Mr. Smith wins at the hearing, "it becomes retroactive so he wouldn't have to pay for this." Mr. Smith then brought up the issue of extra items that he buys for the children. The judge explained that he is not required by law to give Mr. Smith credit for these items, but then noted that he generally gives credit for clothes or food expenditures. The judge informed Mr. Smith that it is a good idea to save the receipts for the extra expenditures in the event the court decides to give him credit. Ms. Reeves then informed the court she wanted to call a witness to prove that Ms. Williams does not deserve past or future child support payments because she does not have custody of the children. The court explained to Ms. Reeves that regardless of whether the children's mother has custody, Mr. Smith, as the father, still owes the child support. Ms. Reeves then told the court that Mr. Smith's contributions to the children, as evidenced by receipts, outweigh the arrears that he owes the children. The Court replied, "There will be an audit for all that. … That's going to be something that's continued until we make the decision on his disability and on the second child care credit. And if he wins on those things, anything he's overpaid, the State will do an audit and he gets credit for that for future payments."

The disagreement hearing was reset for January 13, 2020. Prior to this hearing, Mr. Smith provided the Court with various documents, including a signed letter from his nurse practitioner dated December 17, 2019, stating that Mr. Smith "is unable to return to this customary work" as an unskilled manual laborer, and a certified copy of the birth certificate of the child he fathered in California. The minute entry from January 13, 2020, reflects that the court again continued the matter for Mr. Smith "to provide a letter from a doctor indicating whether or not he can do work of any kind." The disagreement hearing was reset for March 16, 2020.

Prior to the scheduled March hearing date, Mr. Smith filed numerous documents, including a motion in which he requested the court to recognize his treating professional's statement dated December 17, 2019, as a valid, legal statement of disability; his social security disability approval letter to assist in his request for modification of child support payments; and receipts showing expenditures for the children. On March 16, 2020, the disagreement hearing was continued "for good cause due to emergency procedures implemented due to COVID-19" and reset for April 27, 2020. The April disagreement hearing was again continued "due to emergency procedures implemented due to COVID-19" and reset for August 17, 2020.

On July 1, 2020, prior to the August hearing date, Mr. Smith filed a Motion Opposing and Contesting Seizure of Money and Penalties. Therein, he points to various problems that occurred during the course of the proceedings and claims that his constitutional rights have been consistently violated. While Mr. Smith raises numerous issues in this motion, his main request for relief, as appears in his conclusion, is that he wants the money back that was allegedly improperly seized from him for his child support payments. Mr. Smith maintains that the money, including his economic stimulus check and income tax refunds, were prematurely seized from him because there are various issues still outstanding relating to his disability and his responsibility to pay child support. He further contends that the juvenile court judge promised him a new hearing on these issues and that the hearing has not yet taken place; therefore, there was no basis on which to seize money from him. This motion was set for hearing on August 17, 2020.[6]

---

[6] Mr. Smith attached numerous documents to this motion, including a notification that his federal income tax refund would be seized if his past due child support was not paid within thirty days; a letter to Mr. Smith advising him that he was to receive an economic stimulus check in the amount of $1,700.00; a notification to the court by Mr. Smith that DCFS seized his economic stimulus payment in May of 2020; and Mr. Smith's pay stub from California showing a lien on his wages for $307.34, which he claims was a lien by DCFS for child support.

The minute entry from the August 17, 2020 hearing indicates that the juvenile court took up the disagreement hearing and the Motion Opposing and Contesting Seizure of Money and Penalties.[7] The minute entry provides: "Motion is hereby satisfied. Defendant is disabled. State to conduct and [sic] audit." On January 4, 2021, Mr. Smith filed an "Appeal," requesting that the court "return all monies paid in contributions to his children including federal taxes and state taxes taken nevertheless judgment in plaintiff's favor was satisfied." In this pleading, Mr. Smith complains that although he received notice that an audit would be done to determine the amount of money to be returned to him, no such audit was mailed to him or filed with the Clerk's Office, and no money was returned to him. This matter was set for hearing on March 11, 2021. However, pursuant to a motion by the State, the hearing to determine the status of the audit was removed from the docket and reset for hearing on May 6, 2021, before the hearing officer. Prior to this hearing, Mr. Smith filed a Motion Conducting Audit, in which he asserted that since his Motion Opposing and Contesting Seizure of Money and Penalties had been marked satisfied by the court on August 17, 2020, the only issue to be determined at the audit hearing is the amount of money due to be returned to him.

The transcript from the May 6, 2021 hearing to determine the status of the state audit indicates much confusion. Ms. Reeves, who was assisting Mr. Smith, got frustrated because the hearing officer requested proof of Mr. Smith's disability. Ms. Reeves advised the hearing officer that Mr. Smith's proof of disability had been submitted several times, that the "matter has already been satisfied," and that the only issue to be determined is the amount of money owed to Mr. Smith. Ms. Reeves suggested that the hearing officer was not knowledgeable about what had

_____

[7] The transcript from August 17, 2020 is not contained in the appellate court record. A letter from the court reporter in the record indicates that there is no recording from this date because "[t]here was no disagreement hearing held on August 17, 2020 in Section C. Although the case was docketed on this day, the matter was taken up off the record and a minute entry was prepared reflecting what transpired on that day."

occurred in this case, and the hearing officer replied that this case had not been before her in almost two years and that she is trying her best to help Mr. Smith, but she needs to first establish his disability. When the hearing officer explained that she was merely trying to get an updated statement of Mr. Smith's disability, Ms. Reeves kept saying "notice of appeal" and even resorted to speaking in French. Ultimately, over Ms. Reeve's interruptions and inappropriate behavior, the hearing officer recommended that the ongoing support of $582.00 and the cash medical order of $10.00 per month plus court costs be suspended retroactive to August 15, 2019; that the arrears be reflected as $0.00; and that the medical support order for the children remain in effect. Based on Ms. Reeves' continuous "notices of appeal" during the hearing, the hearing officer set the matter for a disagreement hearing while noting that her rulings were in Mr. Smith's favor.[8] On May 15, 2021, the juvenile court signed an order making the recommendations of the hearing officer the interim judgment of the court.

Based upon the hearing officer's determination that Ms. Reeves, on behalf of Mr. Smith, objected to her recommendations from the May 6, 2021 hearing, the matter was set for a disagreement hearing before the juvenile court on July 12, 2021. The minute entry from that date states: "Hearing is marked moot by the court as there is nothing to disagree." On July 9, 2021, Mr. Smith filed a Motion Requesting Extension of Time to Submit Notice of Appeal to Court of Appeals Intermediate Court and a Notice of Appeal to Intermediate Court, which the juvenile court granted.[9]

---

[8] It is noted that there is a minute entry in the record dated August 13, 2021, setting forth amendments to the minute entries dated July 15, 2019, and May 6, 2021. On August 24, 2021, the juvenile court signed an order apparently accepting the amended minute entry as an interim judgment of the court.

[9] The motion and notice were filed on July 9, 2021, received on July 14, 2021, and imaged on July 15, 2021. However, there is no date indicating when the orders granting the extension of time and notice of appeal were actually signed.

It is in this posture that the matter is presently before this Court. Mr. Smith has filed a *pro se* brief raising numerous issues relating to the child support enforcement proceedings and his attempts to recover overpayments. Notably, the record does not contain a single opposition filed by the State to the numerous motions in which Mr. Smith has sought a refund of monies that he has allegedly overpaid by means of seizure by the State, nor has the State filed an appellate brief in this Court. Having thoroughly reviewed Mr. Smith's brief and this convoluted record, we are compelled to dismiss Mr. Smith's appeal and remand the matter for further proceedings consistent with the specific instructions given in this opinion.

## DISCUSSION

La. Ch.C. art. 330(A) states: "An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal." *See also* La. C.C.P. art. 2083(A). In specific circumstances, partial judgments are appealable. La. C.C.P. art. 1915(A). However, most partial judgments are not appealable. La. C.C.P. art. 1915(B) provides as follows:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the present case, at the August 17, 2020 disagreement hearing, the juvenile court apparently considered Mr. Smith's Motion Opposing and Contesting Seizure of Money and Penalties, in which he requested the return of improperly seized money and complained about numerous constitutional violations that occurred during the proceedings. The minute entry from that date stated: "Motion

is hereby satisfied. Defendant is disabled. State to conduct and [sic] audit." Then again, on January 4, 2021, Mr. Smith filed an "Appeal," requesting the return of all money allegedly improperly seized from him to pay child support. On March 30, 2021, Mr. Smith filed a Motion Conducting Audit, pointing out that his previous Motion Opposing and Contesting Seizure of Money and Penalties had been marked satisfied by the juvenile court, and thus, the only issue to be determined at the upcoming audit hearing is the amount of money due to be returned to Mr. Smith.

At the May 6, 2021 hearing, the hearing officer ruled favorably to Mr. Smith insofar as she retroactively suspended his child support and cash medical order and determined that he owed no arrears; however, the hearing officer did not address the status of the state audit or the amount of money possibly owed to Mr. Smith due to overpayments. The matter thereafter came before the juvenile court for a disagreement hearing on July 12, 2021. The minute entry from that date reflects that the court marked the matter moot, noting "there is nothing to disagree."[10] From our review of the record, there has been no ruling on the issue of overpayment by Mr. Smith as a result of the seizures by the State and the amount of money, if any, that he is due.[11] Additionally, the record does not reflect that the issues of credit for in-kind, direct support that Mr. Smith allegedly made on behalf of the minor children, or his entitlement to a second-family credit, have ever been addressed or ruled upon by the juvenile court.

---

[10] Presumably, the juvenile court determined that there was "nothing to disagree," because, of the issues that were addressed by the hearing officer during the May 6, 2021 hearing, as she correctly pointed out, all of her rulings were in favor of Mr. Smith.

[11] We note that based upon the juvenile court's child support orders, it appears that, prior to the retroactive suspension of his child support payments, Mr. Smith owed seven monthly payments of $592.00 in child support, for a total of $4,144.00. We further note that a document titled "Lases Financial Summary" was introduced at the May 6, 2021 hearing that appears to confirm Mr. Smith's allegations that there were three seizures of monies from him: 1) $307.34 on September 4, 2019, which appears to coincide with the lien amount shown on his last paycheck stub; 2) $1,700.00 on June 12, 2020, which appears to coincide with the amount of his Covid stimulus check; and 3) $6,040.59 on November 6, 2020, which we presume would be Mr. Smith's income tax refund, for total seizures of $8,047.93, an amount apparently greater than the total amount of support owed as of the date of the May 6, 2021 hearing.

As a ruling has not been rendered on these outstanding issues, the July 12, 2021 minute entry judgment in this case is clearly a partial judgment. The juvenile court did not designate its judgment as a final judgment nor did it make an express determination that there was no just reason for delay. Because neither of the conditions precedent to finalization of a partial judgment exists in the instant case, we find that the July 12, 2021 minute entry judgment of the juvenile court is not a final judgment and, therefore, not ripe for appeal. See La. C.C.P. art. 1915(B)(2). *See State, Dept. of Social Services ex rel. P.B. v. Reed*, 08-1309 (La. App. 5 Cir. 5/12/09), 15 So.3d 205. We therefore dismiss Mr. Smith's current appeal and remand the matter to the juvenile court for resolution of the outstanding issues pending before it, reserving to Mr. Smith his right to appeal all adverse rulings, including errors he alleges in the initial setting of child support, once a final judgment on all outstanding issues has been rendered.

**CONCLUSION**

Accordingly, for the reasons set forth herein, we dismiss this appeal and remand this matter to the juvenile court with instructions to render judgment on the following outstanding issues: 1) a determination of whether Mr. Smith will be allowed any credit for in-kind, direct support that he allegedly made on behalf of his minor children; 2) a determination of whether Mr. Smith will be allowed a second-family credit as a result of the child that he fathered in California; 3) a determination of whether the seizures of monies from Mr. Smith, together with any credits for alleged in-kind, direct payments for the minor children and/or a second-family credit, if any such credits are allowed, has resulted in an overpayment by Mr. Smith of his child support obligations; and 4) if it is determined that there has been an overpayment of Mr. Smith's child support obligations, a determination of how such overpayment shall be resolved (i.e., by means of an immediate refund to

Mr. Smith or a credit against potential future child support obligations for these two minor children).

Lastly, we reserve to Mr. Smith his right to appeal all adverse rulings, including errors he alleges in the initial setting of child support, once a final judgment on all outstanding issues has been rendered.

**<u>APPEAL DISMISSED;</u>**
**<u>REMANDED WITH INSTRUCTIONS</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 13, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-11

**E-NOTIFIED**
JUVENILE COURT (CLERK)
HON. BARRON C. BURMASTER (DISTRICT JUDGE)
LEKITA G. ROBERTSON (APPELLEE)

**MAILED**
SANTILL WILLIAMS  (APPELLEE)
3203 MEMORIAL PARK DRIVE
APARTMENT 276
NEW ORLEANS, LA 70114

TREDELL J. SMITH  (APPELLANT)
POST OFFICE BOX 5214
BILOXI, MS 39534